[Docket No. 8.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND, 351 SURETY FUND, WELFARE FUND, JOINT APPRENTICESHIP AND TRAINING COMMITTEE, SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND and IBEW LOCAL UNION NO. 351,<br><br>Plaintiffs,<br><br>v.<br><br>NRC CONTROLS, LLC,<br><br>Defendant. | Civil No. 22-03217 (RMB/SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

Trustees of the IBEW Local 351 Pension Fund, 351 Surety Fund, Welfare Fund, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Fund (collectively, the "**Funds**") and IBEW Local Union No. 351 (the "**Union**," and together with the Funds, "**Plaintiffs**") have moved for default judgment against NRC Controls, LLC ("**Defendant**") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, Plaintiffs' Motion will be **GRANTED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On May 27, 2022, Plaintiffs commenced the above-captioned action against Defendant seeking the recovery of amounts owed to Plaintiffs pursuant to Section 301 of the Labor Management Relations Act ("**LMRA**"), Section 502 of the Employee Retirement Income Security Act of 1974 ("**ERISA**"), and Section 515 of ERISA. 29 U.S.C. §§ 185, 1132, 1145. Plaintiffs assert that, pursuant to an October 1, 2019 collective bargaining agreement with the Union (the "**Inside Agreement**") and various Agreements and Declarations of Trust with the Funds (the "**Trust Agreements**"), Defendant is obligated to timely remit fringe benefit contributions to the Funds. [Docket No. 1 ¶¶ 16–22 ("**Compl.**").] Moreover, Defendant has agreed to abide by a Policy for the Collection of Delinquent Fringe Benefit Contributions for the Funds (the "**Collection Policy**"). [*Id.* ¶ 22.] As alleged, Defendant breached the Inside Agreement, Trust Agreements, and Collection Policy by failing to pay (1) certain required contributions for the period of October 1, 2021 to April 30, 2022 and (2) delinquent penalties that it owed for contributions due for the period of February 1, 2021 to September 30, 2021, which totaled $2,104.42 when the Complaint was filed. [*Id.* ¶¶ 26, 39–40.] Plaintiffs assert that Defendant has refused to remit such penalties despite their demands. [*Id.* ¶ 41.]

Service of the Summons and Complaint were made upon Defendant's registered agent on June 3, 2022. [Docket Nos. 5, 6.] The time for Defendant's response expired on June 24, 2022, and Defendant has not since answered the

Complaint. As of the date of Plaintiffs' Motion, Defendant *had* remitted payment for the delinquent contributions due for the period of October 1, 2021 through July 31, 2022 in the total amount of $43,520.90 but *had not* remitted payment of the delinquent penalties due for the period of February 1, 2021 through July 31, 2022, which now total $5,914.42. [Docket No. 8-1, at 2–4 ("**Pls.' Br.**"); Docket No. 8-2, ¶ 10 ("**Feehan Cert**.").]

On June 28, 2022, Plaintiffs requested an entry of default, which the Clerk subsequently entered. [Docket No. 7]. Plaintiffs filed the instant Motion on September 23, 2022, which was served upon Defendant by Certified and Regular Mail. [Docket No. 8-4]. Defendant has not opposed or otherwise responded or appeared in this litigation.

Plaintiffs request that default judgment be entered against Defendant in the total amount of $9,188.67, which represents: (1) delinquent penalties of $5,914.42; and (2) attorneys' fees and costs of $3,274.25. [Pls.' Br. 8.]

II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) allows a court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. Though a court has discretion to enter default judgment in appropriate circumstances, there is a firmly-established preference that disputes be decided on the merits whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984).

Before granting default judgment, a court must consider a number of issues: (1) whether it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant, (2) whether the defendant is exempt from entry of default judgment, (3) whether there is sufficient proof of service, (4) whether a sufficient cause of action has been stated, and (5) whether default judgment is otherwise proper. *Trustees of New Jersey B.A.C. Health Fund v. Thurston F. Rhodes, Inc.*, 2017 WL 3420912, at *2 (D.N.J. Aug. 9, 2017) (internal citation omitted); *Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions*, 2013 WL 4517935, at *2–*3 (D.N.J. Aug. 26, 2013) ("*LIUNA*"). Whether default judgment is proper depends on (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. *Butler v. Pennsylvania Bd. of Prob. & Parole*, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

### III. ANALYSIS

#### A. The Court's Jurisdiction

First, the Court considers its subject matter jurisdiction over Plaintiffs' claims and its personal jurisdiction over Defendant. "Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court." *Liuna*, 2013 WL 4517935, at *2. Here, Plaintiffs allege that Defendant's conduct violates LMRA and

ERISA. The Court therefore has federal question subject matter jurisdiction over Plaintiffs' claims. *See* 28 U.S.C. § 1331. Additionally, the Court exercises personal jurisdiction over Defendant because Defendant is a New Jersey limited liability company with its principal place of business in New Jersey. [Compl. ¶¶ 14–15.] Because Defendant has sufficient contacts with this forum state, the Court may exercise personal jurisdiction over Defendant. *See Liuna*, 2013 WL 4517935, at *2.

### B.   Fitness of Defendant to be Subject to Default Judgment

Second, the Court confirms that Defendant is not an infant or incompetent person or a person in military service, which could exempt Defendant from default judgment in appropriate circumstances. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931. In this case, Plaintiffs' counsel avers that Defendant is a "business concern, and therefore is not engaged in the military service of the United States of America." [Feehan Cert. ¶ 8.] The Court thus infers that Defendant is not an infant or incompetent person as well. Accordingly, the Defendant is subject to default judgment under Rule 55(b)(2). *See Liuna*, 2013 WL 4517935, at *3.

### C.   Proof of Service

Third, the Court confirms that Defendant was properly served with process in this action. *See Thurston F. Rhodes, Inc.*, 2017 WL 3420912, at *2. On June 3, 2022, the Summons and Complaint were served personally upon Karen Stagg, a managing agent authorized to accept service on behalf of Defendant. [Docket Nos. 5, 6.] When Defendant failed to respond to the Complaint, Plaintiffs properly sought entry of

default pursuant to Rule 55(a). [Docket No. 7.] Likewise, Plaintiffs have served Defendant with the Motion for Default Judgment via certified and regular mail. [Docket No. 8-4.] Accordingly, the Court finds that there has been sufficient proof of service upon Defendant.

### D.   Cause of Action

Fourth, the Court must determine whether Plaintiffs' Complaint states a proper cause of action against Defendant. *See Liuna*, 2013 WL 4517935, at *3. The Court accepts as true Plaintiffs' well-pleaded factual allegations while disregarding its legal conclusions. *See id.* Here, Plaintiffs assert claims under LMRA and ERISA. *See* 29 U.S.C. §§ 185, 1132, 1145.

LMRA allows a district court to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. "Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement." *LIUNA*, 2013 WL 4517935, at *4 (citing 29 U.S.C. § 1145). ERISA Section 502(a) allows a plan fiduciary to sue an employer for failure to make required contributions to a benefit fund in accordance with the terms of a plan. 29 U.S.C. § 1132(a); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *3 (D.N.J. July 24, 2012). If a court grants default judgment in favor of the plan fiduciary, ERISA Section 502(g)(2) directs the court to award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages not to exceed twenty percent of the unpaid contributions; (4)

reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. 29 U.S.C. § 1132(g)(2); *see also LIUNA*, 2013 WL 4517935, at *4.

     First, the Court finds that Defendant was obligated to contribute to the Funds pursuant to a valid collective bargaining agreement. According to the Complaint, Defendant agreed to abide by the terms of the Inside Agreement, Trust Agreements, and Collection Policy. [Compl. ¶¶ 16–18, 22.] As Plaintiffs explain, on December 15, 2015, Defendant executed a Letter of Assent by which it agreed to be bound by "all of the provisions contained in said current and subsequent approved labor agreements." [Feehan Cert., Ex. C; *see also* Pls.' Br. 1.] Under the October 1, 2019 Inside Agreement, Defendant is obligated to submit reports to the Funds containing the amount of fringe benefit contributions due and to remit such contributions to the Funds in a timely manner on behalf of eligible employees. [Feehan Cert., Ex. A (Oct. 1, 2019 Inside Agreement), Arts. VI, VII, VIII, X, & XI.] If Defendant fails to remit such contributions within fifteen days of the applicable due date, Defendant agrees to pay a delinquent penalty in an amount equal to two percent of the delinquent contributions, calculated monthly and assessed upon receipt of the delinquent payment. [*Id.*, Art. VI ¶ 6.9; *id.*, Ex. B (Collection Policy), Art. II §§ 3–5.] Additionally, a prior iteration of the Inside Agreement provides for automatic renewal unless the agreement is modified or terminated by 90 days' prior written notice. [*Id.*, Ex. D (Oct. 1, 2013 Inside Agreement), Art. I §§ 1.1–1.2.] Based on the foregoing submissions, the Court understands that the Inside Agreement continues in full force and effect. [*See* Feehan Cert. ¶ 4.]

Next, the Court finds that Defendant failed to abide by the terms of the Inside Agreement, Trust Agreements, and Collection Policy. As agreed, the Funds calculated the amount of delinquent penalties owed and demanded payment thereof on December 23, 2021, February 18, 2022, and July 22, 2022. [Feehan Cert. ¶¶ 12–13; *id.*, Ex. H (Correspondence).] But Defendant failed to remit payment and does not appear to have responded. [*See* Feehan Cert. ¶ 12.] As of September 23, 2022, Defendant owes $5,914.42 in delinquent penalties for the period of February 1, 2021 to July 31, 2022. [*Id.*, Ex. G (Third-Party Administrator's Delinquency Report).]

Having reviewed the Complaint and Plaintiffs' submissions in connection with the instant Motion, the Court finds that Plaintiffs' allegations sufficiently state causes of action under LMRA and ERISA. *See* 29 U.S.C. §§ 185, 1132, 1145.

### E.     Propriety of Default Judgment

Fifth, the Court assesses whether default judgment is appropriate. To determine whether default judgment is proper, the Court must consider the prejudice to Plaintiffs if the Motion for Default Judgment is not granted. *Butler*, 613 F. App'x at 122 (citing *Chamberlain*, 210 F.3d at 164). By failing to respond to Plaintiffs' Complaint or oppose the Motion for Default Judgment, Defendant has deprived Plaintiffs of the opportunity to litigate their claims. Therefore, the Court finds that Plaintiffs would be prejudiced if the Motion for Default Judgment is not granted.

Next, the Court addresses whether Defendant has a litigable defense and whether Defendant's delay is the result of culpable misconduct. *Id.* Because Defendant has failed to oppose the Motion for Default Judgment, the Court is "not

8

in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc.*, 2015 WL 881694, at *2 (D.N.J. Mar. 2, 2015) (citation omitted); *see also New Jersey Bldg. Laborers' Statewide Pension Fund & Trs. Thereof v. Pulaski Constr.*, 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014) ("The Court has no duty to construct a defense for Defendant.").

In fact, Defendant's "failure to respond permits the Court to draw an inference of culpability on [its] part." *Fed. Ins. Co. v. Secure Cargo Corp.*, 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013) (citing *Surdi v. Prudential Ins. Co. of Am.*, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008)). Defendant was served with the Complaint and the instant Motion, [*see* Docket Nos. 5, 6, & 8-4], yet it has not responded to either, [*see generally* Docket]. The Court finds Defendant's failure to respond to be indicative of its culpability. *See Moroccanoil, Inc. v. JMG Freight Grp. LLC*, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff enables a court to infer culpability)). Thus, the *Chamberlain* factors favor entry of default judgment against the Defendant.

### F. Damages

Finally, the Court considers Plaintiffs' request for damages. While the Court must accept Plaintiffs' well-pleaded factual allegations as true, it need not accept

9

Plaintiffs' factual allegations regarding damages as true. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 536 (D.N.J. 2008). Still, sworn affidavits and documentary evidence can sufficiently support Plaintiffs' damages claim. *See IBEW Local 351 Pension Fund v. George Sparks, Inc.*, 2015 WL 778795, at *2 (D.N.J. Feb. 24, 2015). If the damages are for a "sum certain" or "for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. *Id.* (citation omitted).

Here, Plaintiffs ask the Court to order Defendant to pay $9,188.67, which represents: (1) delinquent penalties of $5,914.42; and (2) attorneys' fees and costs of $3,274.25. [Pls.' Br. 8; Feehan Cert. ¶ 18.] Plaintiffs' requested sum is supported by submissions that are sufficiently detailed for the Court to ascertain the basis for its computation. Regarding the first request, Plaintiffs acknowledge receipt of delinquent contributions in the amount of $43,520.90; however, Plaintiffs explain that Defendant has failed to remit delinquent penalties for contributions due for the period of February 1, 2021 to July 31, 2022. [Pls.' Br. 2–3; Feehan Cert. ¶¶ 10–13.] As explained above, the Inside Agreement and Collection Policy provide for delinquent penalties in such case, *see supra* Section III.D, and Plaintiffs have provided a report identifying the specific amounts due and the delinquency period, among additional information, [Feehan Cert., Ex. G (Third-Party Administrator's Delinquency Report)]. Thus, the Court finds that Plaintiffs are entitled to $5,914.42. *See George Sparks, Inc.*, 2015 WL 778795, at *2; 29 U.S.C. § 1132(g)(2)(C).

Regarding the second request, Plaintiffs seek attorneys' fees in the amount of $2,786.00 and costs of $488.25, for a total of $3,274.25. [Pls.' Br. 7–8.] In support of their request, Plaintiffs submit timesheets reflecting the legal services performed. [Feehan Cert., Ex. I.] According to the Court's review of the timesheets, the attorneys billed 3.6 hours at an hourly rate between $175 and $200 and the paralegal billed 23.9 hours at an hourly rate of $90. The Court finds that the attorneys' fees are reasonable in light of the nature of the case and the services rendered. *See, e.g.*, *LIUNA*, 2013 WL 4517935, at *5 (finding 10.6 hours of work, at a rate of $300 per hour, to be reasonable in an ERISA matter); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. F. Stea & Son, Inc.*, 2015 U.S. Dist. LEXIS 145357, at *8–*9 (D.N.J. Oct. 27, 2015) (finding 19 hours billed by a senior paralegal at an hourly rate of $150 to be reasonable). Lastly, the Court finds that the costs incurred in the amount of $488.25, which include filing and service fees, are reasonable and should be awarded. [Feehan Cert., Ex. I.] Therefore, the Court will award $3,274.25 in attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D).

## IV. CONCLUSION

For the foregoing reasons, the Motion for Default Judgment will be **GRANTED**. An accompanying Order shall issue on this date.

12/07/2022                                                  s/Renée Marie Bumb
Date                                                           Renée Marie Bumb
                                                                  United States District Judge